**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)**

|  |  |  |
|---|---|---|
| JUSTIN HAKEEM<br>7305 Early Marker Ct.<br>Gainesville, VA 20155<br><br>     Plaintiff,<br><br>v.<br><br>ALEJANDRO MAYORKAS, Secretary,<br>U.S. Department of Homeland Security<br><br>     Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.: _____<br><br>**Jury Demanded** |

## COMPLAINT

Plaintiff, Justin Hakeem, by and through undersigned counsel, files suit against the named Defendant for the cause of action stated as follows:

## INTRODUCTION

1. Plaintiff, Justin Hakeem ("Plaintiff" or "Mr. Hakeem") brings this civil action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*; and the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and Section 504 of the Rehabilitation Act, 1973, as amended, The American with Disabilities Act, 42 U.S.C. § 12203(a) for relief from discrimination and a hostile work environment based on his disability (mental), national origin (Syria), and reprisal (Prior EEO Activity).

2. Defendant, Alejandro Mayorkas ("Defendant" or "Secretary Mayorkas") discriminated against Plaintiff on the basis of his disability, national origin (Syria) and

reprisal (Prior EEO Activity), during the course of his employment with the Department of the Homeland Security (Transportation Security Administration) ("the Agency").

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this Complaint pursuant to Title VII, as amended, 42 U.S.C. §§ 2000e-16, 2000e-5(f)(1) and (3), and Section 504 of the Rehabilitation Act, 1973, as amended, The American with Disabilities Act, 42 U.S.C. § 12203(a). Further, this Court has jurisdiction over this Complaint because there is diversity of the parties and a question of federal law is presented. 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity).

4. Venue properly lies within this Court pursuant to 28 U.S.C. § 1391 and 42 U.S.C. § 2000e-5(f)(3). Secretary Mayorkas is an officer of the Agency, which is headquartered in the District of Columbia. Secretary Mayorkas performs a significant amount of his official duties in the District of Columbia and resides, for the purposes of venue, within the District of Columbia. *See, e.g., Bartman v. Cheney*, 827 F.Supp. 1 (D.D.C. 1993) (holding that the Secretary of Defense resides in the District of Columbia for the purposes of 28 U.S.C. § 1391).

## PARTIES

5. Plaintiff is currently domiciled at 7305 Early Marker Ct., Gainesville, VA 20155. At all relevant times, Plaintiff was an employee of the United States Department of Homeland Security, Transportation Security Administration. Plaintiff is a resident of Prince William County, Virginia, and a United States Citizen.

6. Secretary Mayorkas is being sued in his official capacity as the Secretary for the United States Department of Homeland Security.

7. Defendant is subject to suit for the negligent, discriminatory, wanton, willful or wrongful acts and/or omissions of employees or agents of Defendant; in addition, Defendant is the employer of persons who have committed negligent, discriminatory acts and/or omission against Plaintiff within the course and scope of their employment. Therefore, Defendant is liable pursuant to the doctrine of *Respondeat Superior*.

## EXHAUSTION OF REMEDIES

8. Plaintiff has exhausted all of his administrative remedies.

9. On December 26, 2018, Plaintiff initiated counseling with the Agency's Equal Employment Opportunity office regarding allegations of discrimination and a hostile work environment based on his disability (mental), national origin (Syria), religion, race, gender, reprisal (prior EEO activity).

10. On April 7, 2019, Plaintiff filed a formal complaint of discrimination with the Agency's Equal Employment Opportunity Office alleging discrimination and a hostile work environment based on his discrimination based on his disability (mental), national origin (Syria), religion, race, gender, reprisal (prior EEO activity).

11. On November 22, 2019, Plaintiff requested a Final Agency Decision.

12. On February 4, 2021, the Agency issued a Final Agency Decision giving the Plaintiff 30 days to file an appeal with the Equal Employment Opportunity Commission.

13. On February 25, 2021, Plaintiff filed a timely appeal with the Equal Employment Opportunity Commission.

14. On June 6, 2022, the Equal Employment Opportunity Commission issued a decision on Plaintiff's appeal giving Plaintiff 90 calendry days to file a civil action in an appropriate United States District Court.

15. Plaintiff now timely files this action pursuant to the 29 C.F.R. § 1614.407(a)[1].

# FACTS

16. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

17. During the relevant time period, Plaintiff was a Senior Federal Air Marshal, 1801/SV-I with the Transportation Security Administration.

18. During the relevant time period, Plaintiff's second-line supervisor was Supervisory Air Marshal in Charge Chad Thompson (American) (disability unknown) (no prior EEO Activity).

19. During the relevant time period, Plaintiff's third-line supervisor was Deputy Supervisory Air Marshal in Charge Jamal Dyer (American) (disability unknown) (no prior EEO Activity).

20. On October 20, 2018, management lowered Plaintiff's performance rating from 4.63 to 4.33.

21. On or about November 19, 2018, Plaintiff was presented with his performance appraisal dated October 22, 2018, which noted "REFUSED" to sign on the signature line.

22. On or about November 19, 2018, Plaintiff was accused by management of being insubordinate for asking questions about the performance review procedures.

23. On or about December 17, 2018, Plaintiff spoke to a manager, and he did not speak back in return.

---

[1] Pursuant to 29 C.F.R. § 1614.407(a), Plaintiff's must file a civil action within 90 days of receipt of the Agency Final Action. Plaintiff received the Agency's Final Action on June 7, 2022. As such, timely filing of the civil action is September 6, 2022 as September 5, 2022 is a Federal Holiday.

24. On or about January 20, 2019, Plaintiff learned he was not selected for the Primary Watch Officer position.

25. On or about February 6th and 7th, 2019, Plaintiff learned from the Federal Air Marshal Service, Medical Programs Section, that he was not medically cleared for any duty status.

26. On or about February 20, 2019, Plaintiff was not interviewed or selected for a lateral reassignment.

27. On July 1, 2019, management denied Plaintiff's requested to be placed on Leave Without Pay (LWOP).

28. On July 1, 2019, management issued Plaintiff an Incident Tracking Report (ITR) for being Absent Without Leave (AWOL).

29. On July 2, 2019, Plaintiff spoke to management and was ignored.

30. On or around July 5, 2019, management denied Plaintiff's request for a reassignment to the West Coast field office.

31. On July 7, 2019, management denied Plaintiff's request for a shift change.

32. In July 2019, Plaintiff was required to submit a doctor's note for all medical appointments.

33. On August 9, 2019, management advised Plaintiff that he is a "Special Case".

34. On August 9, 2019, management advised Plaintiff that the meeting which management called, "Is over and was told to leave," without Plaintiff's questions being answered.

35. On or about August 9, 2019, management advised Plaintiff that he is to utilize sick leave for a shift that was previously worked.

36. On or about August 11, 2019, management advised Plaintiff that his request for a flex

schedule was denied, and he must utilize sick leave.

## CAUSES OF ACTION

### COUNT ONE
### Title VII of the Civil Rights Act of 1964, as amended,
### 42 U.S.C. § 2000e, *et seq*.
### (Employment Discrimination on the Basis of National Origin)

37. Plaintiff is Syrian and, as such, is a member of a protected class.

38. As an employee of Defendant, Plaintiff was treated differently and subjected to disparate treatment in comparison to non-Syrian employees that Defendant employed.

39. Defendant has subjected Plaintiff to adverse employment actions, including marking Plaintiff Absence Without Leave, denying a request for reassignment, non-selection to lateral reassignment, non-selection to Primary Watch Officer position, and otherwise deprived Plaintiff of his rights as enjoyed by his non-Syrian coworkers.

40. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment because it resulted in a loss of benefits, promotional opportunities and other disadvantages in the workplace.

41. The reason(s) proffered for Defendant's unlawful conduct, including that the adverse actions taken against Plaintiff are not legitimate and would be pretext for its discriminatory conduct.

42. Defendant knew at all times during the events described throughout this Complaint that Plaintiff is Syrian.

43. Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to his national origin (Syrian).

44. Defendant has limited Plaintiff in a way that deprives him of employment opportunities, workplace benefits and otherwise adversely affects his status as an employee because of his national origin (Syrian).

45. Other employees who were similarly situated but are members of a different protected class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

46. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his national origin (Syrian).

47. As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered, and continues to suffer, from harm, injury and monetary damages – including but not limited to past and future loss of income, benefits, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

48. Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering, and his injury is permanent in nature.

49. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

### COUNT TWO
### Title VII of the Civil Rights Act of 1964, as amended,
### 42 U.S.C. § 2000e, *et seq*.
### (Hostile Work Environment)

50. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

51. As a result of Plaintiff's protected status, Plaintiff's supervisor engaged in a persistent

pattern of severe and pervasive harassment as set forth herein, which created a hostile and offensive workplace environment.

52. Plaintiff was regularly and continually subjected to harassing conduct that included being referred to as a "Special Case", being ignored, his requests were denied, and was accused of acting insubordinate which created a hostile and abusive work environment.

53. Plaintiff believes that he was subjected to a hostile work environment based on reprisal (Prior EEO activity).

54. Defendant's unlawful conduct was unwelcome.

55. Defendant's deliberate conduct of the adverse actions referred to throughout this Complaint created a hostile and abusive work environment.

56. Plaintiff was subjected to harassment because of his protected status, and it unreasonably interfered and affected a term, condition, or privilege of Plaintiff's employment.

57. Defendant knew or should have known of the harassment. Defendant failed to adequately investigate the harassment and took no effective, immediate or remedial action. Despite Plaintiff's complaints, the harassment continued unabated.

58. By failing to take appropriate and effective remedial action against Plaintiff's supervisor, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

59. As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered, and continues for suffer, from harm, injury and monetary damages - including but not limited to past and future loss of income, benefits, career opportunities, expenses and costs – and is entitled to all available legal and equitable

remedies.

60. Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering, and his injury is permanent in nature.

61. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

### COUNT THREE
### Rehabilitation Act of 1973, as amended,
### 29 U.S.C. § 701, *et seq*.
### (Discrimination based on Disability)

62. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

63. Plaintiff suffers from a mental disability caused by generalized anxiety disorder, and as such, is a member of a protected class.

64. Plaintiff meets the "regarded as" definition of disability as set forth in 29 C.F.R. §1630.2(g)(1)(iii) and 1630.2(g).

65. Defendant was aware Plaintiff suffers from generalized anxiety and takes medication for same.

66. Plaintiff was subjected to prohibited actions based on his actual or perceived mental impairment, such as, denial of lateral reassignment, being marked Absent Without Leave, being denied Leave Without Pay, denial of flex-time, and denial for request of shift change.

67. Plaintiff believes that he was subjected to the adverse employment actions alleged herein based on his disability.

68. By failing to recognize Plaintiff's disability, Defendant acted with malice or with reckless or callous indifference to Plaintiff's complaints.

69. Due to Defendant's actions, Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and his injury is permanent in nature.

70. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunities now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

## COUNT FOUR
### Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*
### (Employment Discrimination on the Basis of Reprisal)

71. Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

72. Plaintiff engaged in protected EEO activity, and, as such, is a member of a protected class.

73. As an employee of Defendant, Plaintiff was treated differently and subjected to disparate and retaliatory treatment, in comparison to employees with no prior EEO activity, that Defendant employed.

74. Defendant has subjected Plaintiff to adverse employment actions, including marking Plaintiff Absence Without Leave, denying request for reassignment, non-selection to lateral reassignment, non-selection to Primary Watch Officer position, and otherwise deprived Plaintiff of his rights as enjoyed by hid co-workers with no prior EEO activity.

75. Defendant's unlawful conduct negatively impacted the terms, conditions and privileges of Plaintiff's employment because it resulted in loss of benefits, promotional opportunities and other disadvantages in the workplace.

76. The reason(s) proffered for Defendant's unlawful conduct are not legitimate and would be pretext for its discriminatory conduct.

77. Defendant knew at all times during the events described throughout this Complaint that Plaintiff had engaged in prior EEO activity.

78. Plaintiff has been treated differently and subjected to different terms and conditions of his employment due to reprisal (Prior EEO Activity).

79. Defendant has limited Plaintiff in a way that deprives him of employment opportunities, workplace benefits and otherwise adversely affects his status as an employee because of his prior EEO activity.

80. Other employees who were similarly situated but are members of a different protected class than Plaintiff, have been treated more favorably than Plaintiff in the terms and conditions of employment.

81. Defendant's conduct has been intentional, deliberate, willful, malicious, reckless and in callous disregard of the rights of Plaintiff because of his prior EEO activity.

82. As a direct and proximate cause of Defendant's conduct alleged in this Complaint, Plaintiff suffered from harm, injury, and monetary damages – including but not limited to past and future loss of income, benefits, career opportunities, expenses and costs – and is entitled to all available legal and equitable remedies.

83. Plaintiff was humiliated, embarrassed, and made to endure a great amount of pain and suffering, and his injury is permanent in nature.

84. Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court;

a. Pay Plaintiff loss wages;

b. Pay Plaintiff past pecuniary compensatory damages in their proven amount;

c. Pay Plaintiff future pecuniary and nonpecuniary compensatory damages in a proven amount not to exceed $300,000;

d. Pay Plaintiff's reasonable attorneys' fees; and

e. Award such other and further relief as this Honorable Court deems just and proper.

## EQUITABLE RELIEF

85. Plaintiff hereby incorporates by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

86. Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present a clear and present danger to the employees of Defendant and could result in further illegal actions on the part of Defendant, by and through their respective agents, servants and employees.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a. Order Defendant to institute a policy and procedure to be implemented against discrimination;

b.  Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

c.  Supervisory training for the supervisors at issue herein; and

d.  Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

*A Marques Pitre, Esq.*

_____
A. MARQUES PITRE
(D.C. Bar No. 503119)
Pitre & Associates, LLC
Ronald Reagan Building and
International Trade Center
1300 Pennsylvania Avenue, N.W., Suite 700
Washington, DC 20004
Phone: 202-204-3006
Direct: 202-840-6797
Email: ampitre@ampitreassociates.com

*Counsel for Plaintiff*